[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12171
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00050-CDL


BETH ANN VAN HOOSE,

                                                            Plaintiff-Appellant,

versus

ATHENS FIRST BANK AND TRUST,
a division of Synovus Bank, Synovus Mortgage
and its agents, employees, and attorneys,
THOMPSON O'BRIEN KEMP AND NASUTI PC,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 23, 2018)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Beth Ann Van Hoose appeals the district court's dismissal of her pro se civil complaint for failure to state a claim against Athens First Bank and Trust, a division of Synovus Bank (Athens First), under the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA), and for failure to state a claim against Athens First's attorneys, Thompson, O'Brien, Kemp & Nasuti, P.C. (Thompson O'Brien), under the Fair Debt Collection Practices Act (FDCPA).  On appeal, Van Hoose argues that the district court erred when it: determined that she failed to allege actual and statutory damages under RESPA; concluded that TILA did not apply to the proposed note that Athens First sent her in 2014; concluded that she did not adequately allege that she requested a payoff statement; and dismissed her FDCPA claims based on a finding that she was in default on the loan and in consideration of a state court decision granting summary judgment in favor of Athens First on her claim of wrongful foreclosure.  After a careful review of the parties' briefs and the record, we affirm.

We review de novo a district court's dismissal of an amended complaint for failure to state a claim for relief.  *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015).  In doing so, "we accept all factual allegations as true and consider them in the light most favorable to the plaintiff."  *Id.*  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).

2

RESPA imposes a duty on loan servicers to provide additional loan information to a borrower upon the borrower's request.  *See* 12 U.S.C. § 2605(e).  RESPA also makes violators liable to individual borrowers for "any actual damages to the borrower as a result of" the servicer's violation and "any additional damages . . . in the case of a pattern or practice of noncompliance with the requirements of [the] section."  *See id.* § 2605(f)(1)(A), (B).

TILA provides that "no creditor may make a residential mortgage loan unless the creditor makes a reasonable and good faith determination . . . that, at the time the loan is consummated, the consumer has a reasonable ability to repay the loan."  15 U.S.C. § 1639c(a)(1).  TILA also requires that a loan servicer provide a payoff statement, which is an "accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date," upon written request from the borrower.  12 C.F.R. 1026.36(c)(3).

Finally, the FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  A debt collector found liable under the FDCPA shall pay "any actual damage sustained by such [a] person as a result of such failure," and "such additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a).  In considering the amount of damages, a court should consider "the frequency and persistence of noncompliance by the debt collector,

the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

We find no reversible error. First, the district court properly dismissed Van Hoose's RESPA claims, because she failed to allege actual or statutory damages, which is an essential element to a RESPA claim. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016). She failed to allege actual damages, because she did not allege damages that she incurred as a result of Athens First's actions, rather she only alleged damages that were a result of her defaulting on the loan. *See* 12 U.S.C. § 2605(f)(1)(A). She likewise failed to allege statutory damages, because she did not allege a pattern or practice of violating RESPA by Athens First. *See id.* § 2605(f)(1)(B). Second, the district court properly dismissed her claims under TILA, because the 2014 proposed note was not a loan that was "made" or "consummated," as required by TILA, and she never made a written request for a payoff statement. *See* 15 U.S.C. § 1639c(a)(1); 12 C.F.R. 1026.36(c)(3). Finally, the district court properly dismissed her claims under the FDCPA, because Van Hoose failed to allege that Thompson O'Brien used any false, deceptive, or misleading representations or means to collect a debt. *See* 15 U.S.C. § 1692e.

**AFFIRMED.**

4